OLUF, The. (WESTHOFF v.). See Case No. 17,449.

OMAHA (KOUNTZE v.). See Case No. 7,928.

OMAHA (OLIVER v.). See Case No. 10,499.

OMAHA (SERROT v.). See Case No. 12,673.

## Case No. 10,507a.

### In re O'MALLEY et al.[1]

District Court, S. D. New York. Dec. 7, 1879.

BANKRUPTCY — FORECLOSURE OF MORTGAGES IN STATE COURT—INJUNCTION—JURISDICTION—CONTEMPT.

[1. Where a suit to foreclose a mortgage on property belonging to the bankrupt's estate has been instituted in a state court after the commencement of the bankruptcy proceedings, and has subsequently been stayed by order of the bankruptcy court, such stay will be dissolved on its being made to appear that the mortgaged property is clearly of no value beyond the admitted incumbrances thereon.]

[2. It is at least doubtful whether a state court has not concurrent jurisdiction with the federal bankruptcy court of suits to foreclose mortgages on property belonging to the bankrupt's estate, and this doubt is sufficient to dispose of any suggestion of contempt in instituting such a suit in a state court after the commencement of the bankruptcy proceedings.]

[In the matter of William O'Malley and others, bankrupts.]

Hall, Brown & Westcott, for motion.

W. G. Palmer, for assignees.

CHOATE, District Judge. This is a motion by a mortgagee of leasehold property belonging to the bankrupt's estate to dissolve a stay of proceedings in a suit commenced in a state court to foreclose the mortgage since the commencement of the bankruptcy proceedings. There is a second mortgage on the property subsequent to this mortgage and there are also arrears of taxes and rent due to the bankrupt's lessor, who threatens dispossession proceedings. The moving papers show that the bankrupt's estate has no valuable interest in the property, the admitted liens being equal to its value, and this is not denied by the assignees. The assignees, however, claim that the motion should be denied, solely on the ground that no state court had jurisdiction to foreclose a mortgage on any property, the title to which has vested in the assignee by a suit commenced after the filing of the petition in bankruptcy; that the commencement of such a suit without the permission of the bankrupt court is a contempt of the bankrupt court; and he further claims that the appointment of a receiver of the rents and profits pending the suit, which is part of the relief sought for in the state court, is inconsistent with the possession of the property by the assignee as the officer of this court; and that such receivership should at any rate be enjoined as an improper interference with property in the custody of this court.

The case, as presented on the affidavits, clearly makes it just and right that the

---

[1] [Not previously reported.]

mortgagee should be allowed to enforce his mortgage. While this court ordinarily stays the foreclosure of mortgages temporarily, and until the assignee can have a reasonable time to exercise the power given to him by the bankrupt law to make a sale subject to the incumbrances there, or, if it can be sold for a sum exceeding those incumbrances, to enable him to sell it free from the incumbrances, yet, where the property is clearly of no value beyond the admitted incumbrances, or the assignee declines to exercise these powers, or after a reasonable time is unable to effect a sale, there is no reason for refusing permission to mortgagees to enforce their claims on the property, under conditions which will protect the other creditors from excessive and unreasonable claims for deficiencies against the bankrupt's estate. To deny them this right by enjoining their proceedings to that end would be an improper interference with their rights without any benefit to the bankrupt's estate, and cannot be justified under any of the powers given to this court by the bankrupt law.

While the view has certainly been entertained that the jurisdiction given by the bankrupt law to the circuit and district courts of the United States under section 4979, of suits in equity brought by an assignee in bankruptcy against any person claiming an adverse interest or owing any debt to such bankrupt, or by any such person against an assignee touching any property or rights of the bankrupt, transferable to or vested in such assignee, is exclusive (In re Brinkman [Case No. 1,884]; Phelps v. Sellick [Id. 11,079], and cases cited), yet the point must be considered at least doubtful, in view of a recent opinion of the supreme court, although the case before the court was one where the jurisdiction of the state court had attached before the bankruptcy. Eyster v. Gaff [91 U. S.] 521. Justice Miller in his opinion (page 525) says, referring apparently to this very section: "The debtor of a bankrupt or the man who contests the right to real and personal property with him, loses none of those rights by the bankruptcy of his adversary. The same courts remain open to him in such contests, and the statute has not divested those courts of jurisdiction in such actions. If it has for certain classes of actions conferred a jurisdiction for the benefit of the assignee on the circuit and district courts of the United States, it is concurrent with and does not divest that of the state courts." And while the bankrupt court has exercised the right of staying suits of foreclosure in the state court, so far as is necessary to secure to the assignee the exercise of his powers to sell the property as allowed by the bankruptcy law, yet it has also assumed the right to permit such foreclosures to go on if the bankrupt's estate has no real interest in the property by reason of its being encumbered beyond its value. Phelps v. Sellick [Case No. 11,079].

As to whether the mortgagee ought to sue in the state court or the federal court, that is a matter for him to determine for himself. If he is willing to take the risk of the objection that the state court's judgment may be challenged for want of jurisdiction, I do not perceive any reason why he should not be allowed to sue there if he prefers. The removal of the injunction, or even the express consent of this court to his commencing or continuing a suit of foreclosure, may not remove the difficulty, if it exists, but it will do away with the suggestion that his proceedings are in contempt of this court.

As to the proposed appointment of a receiver, it is evident that the rents of the property should be applied to paying taxes and ground rent, and for the security of the mortgagees if, as seems to be the case, their security is inadequate. If the sale of the property were to be further restrained by this court, the mortgagees could have the same relief in this court by having the rents kept as a distinct fund for their security or applied to payment of paramount liens pending the sale. As the course which the assignees have taken is virtually the abandonment of any purpose or intention to attempt to obtain anything from this property for the benefit of the estate, I see no reason why the mortgagees should be prevented from applying to the state court for the appointment of a receiver.

Stay vacated except as to prosecuting the suit to a personal judgment against the bankrupt.